IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Pendleton Division

| | | |
|---|---|---|
| KENNETH EVERETT MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-02057-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| BRIAN CAIN, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

JONES, District Judge:

Plaintiff Kenneth Moore, acting pro se, brought this civil rights action under 42 U.S.C. § 1983 against officials and medical personnel of the Oregon Department of Corrections ("ODOC"). Moore alleges the ODOC medical staff used inappropriate methods and improperly delayed medical treatment of a cancerous mass on his sternum in violation of his rights under the First, Eighth, and Fourteenth Amendments. The matter is before me on defendants' motion for summary judgment. [# 62] For the following reasons, the defendants' motion is granted.

## BACKGROUND

The following factual background is undisputed. Moore has been a prisoner in the custody of ODOC since April 2015, residing at Snake River Correctional Institution ("SRCI"). While

incarcerated, Moore experienced a mass on his sternum which ODOC determined to be a recurrence of cancer. ODOC medical personnel first identified the mass in April 2017, assessed it with x-ray imaging in May 2017, took blood and EKG measurements in June 2017, further assessed it with ultrasound in July 2017, performed a CT scan and took a biopsy in August 2017 and began chemotherapy in September 2017.

Moore submitted a grievance regarding his perceived inadequate and delayed medical care. ODOC denied that grievance and instructed Moore that he had until September 13, 2017 to appeal. Moore submitted an incomplete appeal without necessary attachments. ODOC promptly notified Moore of the error, but Moore failed to return the requisite attachments within the required time for appeal. The ODOC therefore rejected Moore's appeal as untimely.

## LEGAL STANDARD

The district court should grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir. 1989). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party and inferences drawn from facts are viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630-31 (9th Cir. 1987)

The failure to exhaust administrative remedies is an affirmative defense that requires the defendant to prove the absence of exhaustion. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide factual disputes on the issue of exhaustion in the same manner that a court would decide factual disputes relevant to jurisdiction or venue. *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before commencing an action under 42 U.S.C. § 1983.

The PLRA says that,

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a mandatory prerequisite and not a discretionary matter for the court. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Claims for which an inmate has failed to exhaust administrative remedies cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

ODOC has a grievance system to address inmate complaints. Or. Admin. R. 291-109-0100 *et seq.* An inmate must file a grievance within 30 days of the alleged event giving rise to the grievance. Or. Admin. R. 291-109-0150(2). After receiving a decision on his grievance, an inmate may appeal to the superintendent of the appropriate correctional institution within 14 days. Or. Admin. R. 291-109-0170. After receiving a decision on the initial appeal, an inmate has 14 days to

appeal to an Assistant Director of ODOC, who issues the final administrative determination. Or. Admin. R. 291-109-0170(2). Inmates are informed of the grievance process during Inmate Orientation and receive an Orientation Information Packet upon arrival at an ODOC facility. Inmates receive an inmate handbook that also contains information regarding the grievance process. The grievance forms are available from any housing unit officer and include grievance instructions.

Moore appears to be familiar with the grievance process, having submitted at least 36 grievances while in ODOC custody. On July 22, 2017, Moore submitted grievance number SRCI-2017-07-110 in which he complained of inadequate treatment for a mass on his chest and a swollen vein. The appropriate official at ODOC responded to the grievance in a timely manner. Moore appealed the first response, and ODOC responded to the appeal on August 31, 2017. Moore appealed again, but omitted paperwork necessary for the appeal. ODOC returned his appeal on September 7, 2017 and informed him of the error. Moore failed to resubmit the appeal with proper attachments until October 16, 2017. By that time, the appeal was untimely.

Under the ODOC grievance process, an inmate in Moore's position has 14 days within which to submit a second appeal. Moore did not submit his corrected appeal until over a month after he was informed of the error in his submission. Accordingly, he failed to comply with the ODOC grievance process or to exhaust available administrative remedies. Under the PLRA, therefore, his claim cannot be brought in court. *Jones v. Bock*, 549 U.S. at 211.

Generally, when the district court finds that a prisoner failed to exhaust all available administrative remedies, it should dismiss without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Here, it is clear that Moore can no longer exhaust administrative remedies as to the claims in this case. Having failed to exhaust in a timely manner, he is now procedurally barred from

doing so. Accordingly, refiling his complaint at this point would be futile. I therefore find there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law under Rule 56(c).

## CONCLUSION

Defendants' motion for summary judgment [# 62] is GRANTED. Any remaining pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 6th day of December, 2018.

Robert E. Jones
United States District Judge